Nash, J.
 

 We think his Honor erred in his instruction to the jury, and there must be a
 
 venire de novo. On
 
 the trial, a copy of the will of Thomas Kendrick, the- father of the
 
 feme
 
 lessor of the plaintiff, was offered in evidence, and opposed, upon the ground that it did not appear from the Clerk’s certificate, that it had been proved as a will to pass real estate. The will is attested by three witnesses, and the Clerk certifies “that it was proved in open Court by Henry H. Glover, a subscribing witne.-s, and recorded.” The alleged objection is* that the Clerk has not certified, that the witness proved the will, as required
 
 *183
 
 •by law to pass real estate. It is believed the probate- is. sufficient to pass the real estate, and, that it does so, sufficiently appears by the certifícate.
 

 The objection was first brought to the notice of the Court in the case of
 
 The Univerity
 
 v.
 
 Blount,
 
 N. C. T. R. 13. In that case, the Clerk’s certificate was as in this, and the objection the same. The decision was, that it is not essential, that the Clerk’s certificate should set out all the circumstances necessary to the validity of the will to pass real estate. When it appears on the face of the will, that there were two witnesses, and the Clerk certifies that it was proved by one, the proof must
 
 prima facie
 
 be intended to have been such as the law requires, that is, that the witness deposed, that he and the other witness subscribed the will in the presence of the testator, because the law requires such an attestation and such proof, and, without if, the Court would not admit it to probate. That case was referred to and approved of in a more recent one of
 
 Morgan
 
 v. Bass, 3 Ire. 243. The certificate of the Clerk there, as in this case, as to the proof of the will, so as to pass real estate, was sufficient — and the Court committed no error in admitting the evidence. We express this opinion, not because it is necessary to the decision of the question properly submitted to us, but because, as the case must go back to another jury, our ■silence upon it might be misunderstood and the investigation embarrassed by it. The plaintiff' Is not entitled to a verdict. He shewed no legal title to the land in his lessor. No grant was produced, and, as far as the case discloses the facts, the title is still in the State. To remedy this defect, he alleges, that the defendant claimed the land, under a deed of trust, made by Thomas Kendrick, the father of the
 
 feme
 
 lessor. It appeared, that Thomas Kendrick claimed the land and conveyed it in trust to one James Dinkins, to secure a debt due to one Robert J. Dinkins,- and the plaintiff proved by a witness»
 
 *184
 
 named Smith, that he heard a conversation between Lewis Dinkins, S. Fox and R. J. Dinkins, in which it was agreed, that the executor might surrender the negroes to the admitvstrators, if he, Robert J. Dinkins, could get the land. At the time this conversation took place, Thomas Kendrick and James Dinkins were both dead. Lewis Dinkins was the executor of the trustee, and S. Fox the administrator of the bargainor. Smith further proved, that he heard Robert J. Dinkins say, he bad purchased, of the widow of Thomas Kendrick, her right of dower in the land in question. The reception of all this testimony was opposed, bat the objections were overruled. A regular paper title was shewn by the plaintiff, from Robert J. Dinkins, to the, defendant. His Honor instructed the jury, that, if, from the testimony of Smith, they believed that Robert J. Dinkins claimed the land in controversy under the deed of trust, the plaintiff was entitled to recover all the land described in his declaration. On looking into the deed of trust, it appears that it conveyed to James Dinkins, the trustee, only a life estate, without any provision for its continuance after his death. At the time fhe conversation, testified to by Smith, took place, both James Dinkins and Thomas Kendrick were dead. The legal title had reverted back to the heir at law of Thomas Kendrick, who was the
 
 feme
 
 lessor of the plaintiff, she being his only child. The deed of trust was
 
 functus officio,
 
 a dead letter ; and Robert Dinkins could not claim under it. Nor is there any evidence, that he ever was in the possession of the land or any portion of it. His declaration
 
 was.
 
 if he could get the land, the executor of the trustee might give up to the administrator of the bargainor the negroes conveyed by if. Nor was
 
 there any
 
 proof, what had become of the negroes. There was in fact nothing for an estoppel to operate on. Estoppels are not favored in law, particularly such as arise from the ac's of the party as their effect is to exclude the truth. The
 
 *185
 
 plaintiff, having entirely failed to show, that the defen> dant claimed through Robert J. Dinkins under the deed of trust, and having produced no sufficient evidence of a legal title in his lessors, was not entitled to a verdielj. The exception to the
 
 mesne
 
 conveyances was withdrawn in the argument before us.
 

 Per Curiam.
 

 Judgment reversed and a
 
 venire de novo
 
 awarded,